IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LEE GORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM,<br><br>　　　　　Defendant. | No. 2:21-CV-1189-KJM-DMC-P<br><br><br>ORDER |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

　　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Gavin Newson, the Governor of the State of California, as the only defendant. See ECF No. 1, pg. 1.  Plaintiff states that the United States Constitution makes it clear "that there is to be a distinct division between government and religion."  Id.  Plaintiff contends the California Department of Corrections and Rehabilitation (CDCR) fails to do so. See id. at 2. According to Plaintiff, it is not the role of the CDCR "to provide for the religious and spiritual welfare of inmates."  Id. at 3.  According to Plaintiff, the CDCR's Department Operation Manual as well as California prison regulations show a "lack of separation between CDCR and religion."  See id.  Specifically, Plaintiff states that following issuance of social distancing guidelines by the President of the United States and the Centers for Disease Control and Prevention, the CDCR suspended all inmate self-help programming "to avoid grouping," but exempted religious programs.  Id. at 4.  Plaintiff claims that, by exempting religious activity, the CDCR is violating the First Amendment mandate of separation of church and state.  See id. at 4-5.  Plaintiff also appears to assert a violation of equal protection in that some inmates are being treated differently than other on the basis of religion.  See id. at 5-6.

## II. DISCUSSION

The Court finds that Plaintiff's complaint suffers from a number of defects.  First, the only named defendant – Governor Gavin Newsom – is generally immune from suit.  Second, to the extent Plaintiff asserts a First Amendment claim based on separation of church and state, he has failed to link the conduct of the named defendant to a constitutional violation he personally suffered.  Third, to the extent Plaintiff asserts an equal protection claim based on being treated

differently than inmates who adhere to religious beliefs, Plaintiff fails to state a cognizable claim.

      **A.**     **Immunity**

      The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

      The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

      In this case, Plaintiff names the Governor of the State of California as the only defendant. Plaintiff does not, however, allege this defendant was acting in any particular capacity. To the extent Plaintiff sues Defendant Newsom in his official capacity, the action is barred. Plaintiff will be given an opportunity to amend to clarify his allegations.

      **B.**     **Causal Link**

      To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of

§ 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff generally alleges violations of what he sees as the Constitution's guarantee of separation of church and state.  Plaintiff does not, however, allege how he personally has been harmed by the conduct of the only named defendant – Governor Newsom.  Plaintiff has thus failed to show how he was subjected to a constitutional deprivation.  Plaintiff will be provided an opportunity to amend.

### C. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

///

4

1    In order to state a § 1983 claim based on a violation of the Equal Protection Clause
2 of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional
3 discrimination against plaintiff, or against a class of inmates which included plaintiff, and that
4 such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v.
5 Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class
6 of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v.
7 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940
8 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).
9    Here, Plaintiff has not alleged that any individual took action with respect to his
10 rights.  While he claims some inmates are allowed to congregate for religious reasons and non-
11 religious inmates must observe social distancing, Plaintiff does not state to which group he
12 belongs.  Moreover, Plaintiff's claim is belied by the facts alleged.  Specifically, Plaintiff states
13 that religious inmates are allowed to congregate for religious purposes, which is a legitimate
14 penological reasons given that the denial of religious services could violate the First Amendment.
15 Again, Plaintiff will be provided an opportunity to amend in order to clarify the nature of the
16 constitutional violation he claims to have personally suffered.

### III.  CONCLUSION

19    Because it is possible that the deficiencies identified in this order may be cured by
20 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
21 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
22 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
23 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
24 amend, all claims alleged in the original complaint which are not alleged in the amended
25 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
26 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
27 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
28 complete in itself without reference to any prior pleading.  See id.

1         If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's complaint is dismissed with leave to amend; and

    2.    Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  August 4, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE